# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH KINARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-452 (RMC)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **JUSTICE, EXECUTIVE OFFICE FOR** ) | |
| **THE UNITED STATES ATTORNEYS,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

This matter arises from Plaintiff's Freedom of Information Act ("FOIA") request to the Executive Office for United States Attorneys ("EOUSA"). Proceeding *pro se*, Plaintiff brings this action pursuant to FOIA, 5 U.S.C. §552; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et seq.*; and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff has named as Defendants the EOUSA and three of its employees in their individual and official capacities. Defendants have filed a motion to dismiss and for summary judgment, which Plaintiff opposes. For the reasons set forth below, the motion will be granted.

### I. Background

Plaintiff was acquitted of a possession of a firearm offense on January 24, 1997, in the United States District Court for the District of Columbia. Compl. ¶¶ 5-6; Declaration of Joseph Kinard ("Kinard Decl.") at 1. The case was prosecuted by Assistant United States Attorney ("AUSA") Kevin E. Byrnes. Compl. ¶ 5. In June, 1997, in the Superior Court of the District of

Columbia, Plaintiff was convicted at trial.[1]  *Id.* ¶ 7.  The prosecutor of that case was Mr. Byrnes.  *Id.*

In an undated letter received by the EOUSA on September 21, 2004, Plaintiff requested the oath of office of AUSA Byrnes and the oaths of all the AUSAs in the District of Columbia office, pursuant to FOIA.  Declaration of John W. Kornmeier ("Kornmeier Decl.") ¶ 4; *see also id.*, Ex. A.  Plaintiff subsequently informed the EOUSA that his request was limited to a copy of Mr. Byrnes' oath of office.  *Id.* ¶ 6; see also *id.*, Ex. C.  The EOUSA sent Plaintiff's request to its Office of Personnel.  *Id.* ¶ 7.

On November 22, 2004, the EOUSA informed Plaintiff that it could not locate any records responsive to his request.  *Id.* ¶ 8; *see also id.*, Ex. D.  Since Mr. Byrnes had left the employ of the U.S. Attorney in 2000, the EOUSA explained, his personnel file had been forwarded to the National Personnel Records Center in St. Louis, Missouri.  *Id.*  The EOUSA provided Plaintiff the address of the Records Center and advised him to file his FOIA request with that office.  *Id.*

Plaintiff appealed this decision to the Office of Information and Privacy ("OIP").  *Id.* ¶ 8 n. 4.  The present action was filed on March 3, 2005.  Due to the initiation of this litigation by Plaintiff, the OIP closed his appeal.  *Id.*

## II.  Standard of Review

Pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  A complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it

_____

[1] Neither party has provided information on the offense charged in the Superior Court case.

rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).   A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *see also Kingman Park*, 348 F.3d at 1040.  Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *see also Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

However, a Plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006) (citation omitted).

In resolving a motion to dismiss for failure to state a claim, *pro se* complainants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and are granted "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley*, 355 U.S. at 45-46).

Defendants also move for summary judgment.  Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations.  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).  Agency affidavits or declarations must be "relatively detailed and non-conclusory."  *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely

speculative claims about the existence and discoverability of other documents.'" *Id.* (internal citation omitted).

### III. Discussion

#### A. FOIA Claim

Plaintiff contends that the EOUSA's search for his requested records was inadequate and that there was no basis for withholding the records. To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show that "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id.* at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results. *Weisberg*, 745 F.2d at 1485. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilber v. CIA*, 355 F.3d 675, 678

(D.C. Cir. 2004); *see also Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *SafeCard Servs., Inc.*, 926 F.2d at 1201.

According to the EOUSA, Plaintiff's request was sent to its Office of Personnel. Kornmeier Decl. ¶ 7. That office did not locate any records pertaining to Kevin E. Byrnes, the subject of Plaintiff's request. *Id.; see also id.* Ex. D. Mr. Byrnes was employed as an AUSA from 1993 to 2000. *Id.* Plaintiff's request was in 2004. Upon termination, the personnel file of an employee of a United States Attorney's Office is forwarded to the National Personnel Records Center in St. Louis, Missouri. *Id.*

It is apparent from the declaration submitted by the EOUSA that it has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Oglesby*, 920 F.2d at 68). As such, the search for Plaintiff's requested records was adequate to fulfill the agency's obligations under FOIA.

To prevail in a FOIA case, a Plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *see also United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004). A suit is only authorized under the FOIA against federal agencies to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Since the EOUSA did not withhold any documents, Plaintiff does not have a viable cause of action under the FOIA.

Plaintiff also brings a FOIA claim against Richard L. Huff, Marie A. O'Rourke, and Suzanne Little, employees at the EOUSA who each had a role in the resolution of Plaintiff's records request. Plaintiff alleges that these federal officials violated FOIA by not providing him with a copy of Mr. Byrnes' oath of office. *See* Compl. ¶ 22.

The jurisdiction of the federal courts in a FOIA case is limited to enjoining "an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The definition of "agency" under the statute does not include individuals. *See* 5 U.S.C. § 552(f). Therefore, Plaintiff cannot maintain a FOIA claim against individual federal employees. *Leinenbach v. United States Dep't of Justice,* 2006 WL 1663506, at *4 (D.D.C. June 14, 2006); *see also Whittle v. Moschella,* 756 F. Supp. 589, 596 (D.D.C. 1991).

**B.  Bivens Claim**

Plaintiff also brings a claim alleging that the individually-named defendants violated his constitutional rights in not providing him a copy of the oath of office. *See* Compl. ¶¶ 23-24. He seeks compensatory and punitive damages. *Id.* ¶ 9.

In *Bivens*, the Supreme Court recognized an action for money damages against a federal officer in his or her individual capacity who abuse their constitutional authority. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see also Thompson v. Pope*, 397 F. Supp. 2d 28, 32 (D.D.C. 2005). The purpose of *Bivens* is to deter federal officers from committing violations of an individual's constitutional rights. *Malesko*, 534 U.S. at 70; *see also FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

The scope of the *Bivens* decision is to be narrowly construed. *See Malesko*, 534 U.S.

-7-

at 68 (stating that the Supreme Court has consistently refused to extend *Bivens* liability to any new context or new category of defendants).   There is no *Bivens* remedy available where a statute provides a "comprehensive system to administer public rights."  *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (*en banc*).   FOIA  presents such a statutory scheme.  *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002).   Therefore, Plaintiff cannot obtain a *Bivens* remedy for an alleged violation of FOIA by the defendants.   *See id.*

### C.  FTCA Claim

Plaintiff alleges an FTCA claim against the EOUSA. Compl. ¶ 25.   Pursuant to the FTCA, district courts have jurisdiction over claims arising from torts committed by federal employees in the scope of their employment.   *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001).   The FTCA bars claimants from bringing suit until they have exhausted their administrative remedies.   *McNeil v. United States*, 508 U.S. 106, 113 (1993).   The exhaustion requirement is jurisdictional.   *Id.*

In order to exhaust administrative remedies under the FTCA, Plaintiff must have presented the agency with a claim describing the injury with particularity setting forth a "sum certain" of damages and the agency has either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim.  28 U.S.C. § 2675(a).  Plaintiff has alleged no facts that demonstrate that he has exhausted his administrative remedies.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

**IV.  Conclusion**

Based on the foregoing, there are no disputed issues of material fact and Defendants are entitled to judgment as a matter of law.  Defendants' motions to dismiss and for summary judgment will be granted.  A memorializing order accompanies this Memorandum Opinion.

Date: June 27, 2006                                          /s/

ROSEMARY M. COLLYER
United States District Judge